IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARYL D. BOCOOK,**

    Petitioner,

    v.

**WARDEN, TOLEDO CORRECTIONAL INSTITUTION,**

    Respondent.

Case No. 2:16-cv-552
CHIEF JUDGE SARGUS
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254, seeking to challenge his 1993 aggravated murder conviction following a jury trial in the Muskingum County Court of Common Pleas. This matter is now before the Court on the *Petition* (ECF No. 1), Respondent's *Motion to Transfer* (ECF No. 13), and the exhibits of the parties. For the reasons that follow, it is recommended that Respondent's *Motion to Transfer* be granted.

The *pro se Petition* was filed on May 27, 2016[1] in the Northern District of Ohio and was subsequently transferred to this Court. *Transfer Order* (ECF No. 3). In it, Petitioner alleges that he was denied the effective assistance of counsel because his trial counsel failed to communicate a favorable plea offer to Petitioner. *Petition* (PageID# 5).

This is petitioner's second challenge in this Court to this

---

[1] The *Petition* was executed on May 23, 2016. *Petition* (ECF No. 1, PageID# 10).

1

conviction. Petitioner filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2254 in January 1999, which this Court dismissed in January 2000. *Bocook v. Huffman*, 2:99-cv-0072 (S.D. Ohio January 13, 2000). This Court and the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability. *See Bocook v. Huffman*, No. 00-3141 (6th Cir. June 5, 2000). The United States Supreme Court denied the petition for a writ of *certiorari*. *Bocook v. Huffman*, 531 U.S. 916 (2000). In October 2003, the Sixth Circuit denied Petitioner's motion for permission to file a second or successive petition. *In re: Daryl Bocook v. Huffman*, No. 03-3407 (6th Cir. Oct. 29, 2003). Thereafter, Petitioner filed additional challenges to this conviction in the state court, *Motion to Void Judgment* (ECF No. 13-1); *Post-Conviction Petition* (ECF No. 13-8), but those challenges were denied by the trial court, *Journal Entry* (ECF No. 13-2); *Journal Entry* (ECF No. 13-11), whose judgments were affirmed on appeal, *Judgment Entry* (ECF No. 13-7); *Opinion* (ECF No. 13-16). *See also Entry of the Ohio Supreme Court* (ECF No. 13-19). Thus, Petitioner remains in custody pursuant to the original state court judgment.

Under these circumstances, this Court concludes that the *Petition* is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A).

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals for an order authorizing the district court to consider the application. If a district court in

the Sixth Circuit determines that a petition is a second or successive petition, that court must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit, in turn, will issue this authorization only if the petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. 21 2244(b)(2).

This Court lacks jurisdiction to entertain the new claim presented in the *Petition* absent authorization by the United States Court of Appeals for the Sixth Circuit.

It is therefore **RECOMMENDED** that Respondent's *Motion to Transfer* (ECF No. 13) be granted and that the matter be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28

3

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

                                             *s/ Norah McCann King*
                                             Norah McCann King
                                 United States Magistrate Judge

March 29, 2017